FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB 03 2026

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Yiwu Baimei Electronic Commerce Co., Ltd., <br><br> Plaintiff, <br><br> v. <br><br> a beng, *et al.*, <br><br> Defendants. | **SEALED** <br> Case No.: <br> 1:25-cv-6850-TWT |

## MOTION TO DISMISS, TO VACATE TEMPORARY RESTRAINING ORDER, AND FOR ADDITIONAL EQUITABLE RELIEF

### I. BEFORE THE COURT

This Motion is filed by Xiao Qingchao ("Movant"), the actual operator, authorized agent, and lessee of the online storefront "JIAGAJewelry" (the "Storefront"). Movant respectfully requests this Court enter an order granting the following relief, based on the facts and legal authorities set forth below:

### II. STATEMENT OF FACTS

Movant is a natural person and the sole actual operator, authorized agent, and lessee of the online storefront "JIAGAJEWELRY" (the "Storefront"), registered on relevant e-commerce platforms. Movant has a 30-year lease agreement for the Storefront, with annual rental payments fully tendered in accordance with the lease

1

terms. All operations, management, and financial transactions related to the Storefront are conducted by Movant.

Pursuant to Plaintiff's TRO application, Paragraph 1 purports to bind "Each Defendant ... its officers, directors, employees, agents ... and all persons in active concert or participation with any Defendant having notice of this Order." As the Storefront's authorized agent and actual operator, Movant—an affiliated party—has been subjected to the TRO's restrictions, including the freezing of personal accounts. Under Paragraph 3 of the TRO, Movant's personal PingPong collection account (registered in Movant's name and identity information) and Canadian collection account (linked to Storefront operations) have both been frozen, causing severe disruption to Movant's business and livelihood.

Critical to this Motion, storefronts are not legal entities—they are merely tools for conducting business. As Judge Durkin explained in analogous cases: "Despite the age of this case and ongoing discovery, the corporate identities of the remaining defendants and the relationship among them are not clear to the Court. The 'defendants' continue to be identified primarily by eBay and Amazon storefront names. But just like the physical address of a real storefront is not generally a legal entity, internet storefronts aren't either. Storefronts, whether real or virtual, are not the business itself, but are tools that the business, whether a

person or corporate entity, uses to sell its goods." The JIAGAJEWELRY Storefront is such a tool, used by Movant as the actual operator—yet Plaintiff improperly targets this non-legal entity and its operator with vague allegations.

Movant has never sold any Halloween-related products, and in September 2025—months before Plaintiff initiated this litigation—Movant proactively removed all Halloween-related products from the Storefront. This removal was voluntary and undertaken to ensure compliance with platform rules (Walmart, among other platforms, prohibits the sale of Halloween-related products) and to prevent any potential infringement or violations. Plaintiff's evidentiary screenshots of the Storefront confirm the absence of a sales ranking, a definitive indicator of zero sales activity on e-commerce platforms. Coupled with Movant's pre-litigation removal of products, there is no factual or legal basis for the TRO/PI, as there is no ongoing "harm" or urgency to justify emergency equitable relief.

Plaintiff's service and litigation tactics are procedurally abusive. Movant first received a sealed TRO but could not review the specific allegations until January 14, 2026. Plaintiff served the summons and complaint only on January 13, 2026, yet demanded objections by January 16, 2026, and an in-person hearing on January 21, 2026. For a Chinese-based seller like Movant, this timeline is impossible—the U.S. visa application process typically takes 1-2 months (ruling out timely approval for

3

the hearing), and retaining local counsel cannot be accomplished in one week. Plaintiff's use of a sealed TRO and compressed timeline is a deliberate tactic to force Chinese sellers into default judgments.

Plaintiff engages in improper forum-shopping and mass joinder. It filed numerous similar lawsuits in the Northern District of Illinois, but shifted to this District after Illinois courts grew vigilant against its abusive tactics and delayed or refused to proceed with such cases. This evasion of judicial scrutiny violates res judicata principles. Additionally, Plaintiff improperly joins hundreds of unrelated defendants from the U.S., China, Russia, and Vietnam with vague "conspiracy" allegations—absurd given the Storefront's zero sales of the alleged products. This violates Fed. R. Civ. P. 8, which requires specific factual allegations to state a claim, and Fed. R. Civ. P. 10, which mandates separate statements for each defendant. Plaintiff has failed to produce any specific evidence of coordination or conspiracy among the named defendants, and its mass joinder of disparate parties is a low-cost litigation tactic designed to coerce settlements from innocent operators like Movant.

This Court lacks personal jurisdiction over Movant. The Storefront has no orders directed to Georgia, and backend records show no orders with Halloween-related search terms. Mere accessibility of the Storefront to North

4

American buyers does not establish the "minimum contacts" required for jurisdiction—Movant engaged in no purposeful conduct targeting Georgia.

Plaintiff's products are common public-mold items, readily available from manufacturers on 1688.com, and not well-known. Movant has no inventory of any products alleged to be covered by Plaintiff's copyright. Movant supports legitimate intellectual property enforcement but opposes Plaintiff's abuse of the judicial system. Given Movant's inability to appear in person, a telephonic hearing is necessary to ensure Movant's right to defend against the allegations.

### III. LEGAL ARGUMENT

A. The TRO Must Be Vacated for Lack of Urgency and Equitable Merit

A. The TRO/PI Must Be Vacated and Denied, as Movant Removed Products Before Litigation

To obtain or uphold a TRO/PI, Plaintiff must establish (1) likelihood of success on the merits, (2) irreparable harm, (3) balance of hardships favoring Plaintiff, and (4) public interest support. Winter v. Nat. Res. Def. Council, Inc., 555

U.S. 7, 20 (2008). Plaintiff fails on all counts. Movant proactively removed all Halloween-related products in September 2025 — well before Plaintiff filed this lawsuit — eliminating any potential "harm" or urgency. The Storefront has zero sales of the alleged products (confirmed by the absence of a sales ranking), and Walmart's prohibition on such products further limits any purported damages to Plaintiff. The balance of hardships heavily favors Movant: the improper TRO and account freezing disrupt his business and livelihood, while vacating the TRO merely requires Plaintiff to pursue legitimate enforcement. There is no basis for emergency relief.

### B. This Court Lacks Personal Jurisdiction Over Movant

Personal jurisdiction requires "minimum contacts" between the defendant and the forum state. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980). Movant has no Georgia-directed sales, orders, or purposeful conduct targeting the state. Mere accessibility of the Storefront to North American buyers does not satisfy this standard. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985). Jurisdiction is therefore lacking, and claims must be dismissed under Fed. R. Civ. P. 12(b)(2).

C. Plaintiff's Improper Joinder and Vague Allegations Demand Dismissal, Severance, or Production of Conspiracy Evidence

Plaintiff's mass joinder of hundreds of unrelated defendants from diverse countries violates Fed. R. Civ. P. 8 and 10. Rule 8 requires a "short and plain statement" of specific claims, while Rule 10 mandates separate statements for each defendant. Plaintiff's vague "conspiracy" allegations, unsupported by any specific evidence of coordination, fail to meet these requirements. Courts routinely dismiss or sever claims based on such conclusory pleading and improper joinder. In re Google Inc. Cookie Placement Litig., 806 F. Supp. 2d 1135, 1142 (N.D. Cal. 2011). This Court should either dismiss the claims, order Plaintiff to sever the litigation into separate proceedings, or compel Plaintiff to produce specific evidence of any alleged coordination among defendants.

D. A Telephonic Hearing Is Necessary to Protect Movant's Due Process Rights

Fed. R. Civ. P. 43 and Local Rules of the Northern District of Georgia permit telephonic hearings when in-person appearance is impracticable. Movant resides in China, the U.S. visa application process typically takes 1-2 months (making timely

attendance at the January 21 hearing impossible), and he faces an impossibly compressed timeline to prepare for an in-person hearing. A telephonic hearing ensures Movant can assert his defenses, testify, and respond to allegations — protecting his due process rights without burdening the Court or Plaintiff.

### E. Equitable Relief Warrants Additional Security from Plaintiff

Plaintiff's abuse of process — sealed TROs, inadequate service, forum-shopping, and improper account freezing — has caused Movant significant financial harm. Equity demands Plaintiff post additional security or a bond to compensate Movant for these damages. Courts have inherent authority to order such relief to deter abusive litigation and remedy harm to innocent parties.

### B. This Court Lacks Personal Jurisdiction Over Movant

Personal jurisdiction requires "minimum contacts" between the defendant and the forum state. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980). Movant has no Georgia-directed sales, orders, or purposeful conduct. Mere accessibility of the Storefront does not satisfy this standard. Burger King Corp. v.

Rudzewicz, 471 U.S. 462, 474 (1985). Jurisdiction is therefore lacking, and claims must be dismissed under Fed. R. Civ. P. 12(b)(2).

### C. Plaintiff's Procedural Abuse Violates Fed. R. Civ. P. 8 and 10

Plaintiff's vague, collective allegations against unrelated defendants fail to meet Fed. R. Civ. P. 8's requirement of a "short and plain statement" of specific claims. Its mass joinder of defendants from diverse countries with no factual links violates Rule 10's mandate for separate statements per defendant. Courts routinely dismiss claims based on such conclusory pleading and improper joinder. In re Google Inc. Cookie Placement Litig., 806 F. Supp. 2d 1135, 1142 (N.D. Cal. 2011).

### D. Equitable Relief Warrants Additional Security and Restraints on Plaintiff

Plaintiff's abuse of process — sealed TROs, inadequate service, forum-shopping—has caused Movant financial harm via frozen accounts. Equity demands Plaintiff post additional security to compensate for such damages. Courts have inherent authority to enjoin abusive litigation tactics to protect due process and judicial efficiency.

## IV. CONCLUSION

Plaintiff's claims lack factual and legal merit. The TRO/PI is unwarranted because Movant removed all Halloween-related products before litigation; jurisdiction is absent; and Plaintiff's mass joinder and vague allegations violate federal rules. A telephonic hearing is necessary to ensure Movant's right to defend, and Plaintiff should either produce specific conspiracy evidence, face severance of claims, or have the action dismissed. Movant respectfully requests this Court grant the relief set forth above to remedy the harm caused by Plaintiff's abusive litigation tactics.

## V. REQUEST FOR RELIEF

Movant prays that this Court:

1. Dismiss all claims against Movant and the JIAGAJEWELRY Storefront pursuant to Fed. R. Civ. P. 12(b)(2) (lack of personal jurisdiction), 8 and 10 (vague allegations and improper joinder); alternatively, order Plaintiff to either sever the claims into separate proceedings or produce specific, admissible evidence of any alleged conspiracy or coordination among defendants;

2. Vacate the Temporary Restraining Order ("TRO") and deny any request for a Preliminary Injunction ( " PI " ), as Movant proactively removed all Halloween-related products in September 2025—well before Plaintiff initiated this litigation—eliminating any basis for emergency relief;

3. Grant Movant's request for a telephonic hearing pursuant to Fed. R. Civ. P. 43 and Local Rules of the Northern District of Georgia, as in-person appearance is impracticable due to Movant's location in China, the U.S. visa application process typically taking 1-2 months (making timely approval impossible before the scheduled hearing), and the compressed litigation timeline;

4. Order Plaintiff to post additional security or a bond to compensate Movant for financial damages caused by the improper TRO and freezing of personal accounts;

5. Clarify the specific procedures, scope, and evidentiary requirements for the scheduled January 21, 2026 hearing (including confirmation of telephonic hearing arrangements), and grant Movant a reasonable extension of time to file supplemental pleadings and respond to submissions in this matter—accounting for

the inherent delays in international mail from China to the United States, as well as Plaintiff's prior procedural abuses (including sealed TRO, inadequate service, and unreasonably shortened response deadlines) that have prejudiced Movant's ability to prepare a complete defense;

6. Grant such other and further equitable relief as this Court deems just and proper.

Respectfully submitted this 16 of January, 2026

*Xiao Qing Chao*

**/s/ Xiao Qingchao**
Xiao Qingchao (Pro Se Movant)
Email: armidacrumpler1404@outlook.com
Date: November 6, 2025
Address: Group 8, Wujialiang Village,
Baiba Township, Dazhu County, Sichuan Province, China

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Yiwu Baimei Electronic Commerce Co., Ltd., <br><br> Plaintiff, <br><br> v. <br><br> a beng, *et al.*, <br><br> Defendants. | **SEALED** <br> Case No.: <br> 1:25-cv-6850-TWT |

### CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of January, 2026, I served a true and correct copy of the [MOTION TO DISMISS, TO VACATE TEMPORARY RESTRAINING ORDER, AND FOR ADDITIONAL EQUITABLE RELIEF] (the "Filed Document") on the following counsel of record and/or parties in this action, in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court:

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted this 16 of January, 2026

*Xiao Qing Chao*

1

/s/ Xiao Qingchao

Xiao Qingchao (Pro Se Movant)

Email:

armidacrumpler1404@outlook.com

Date: November 6, 2025

Address: Group 8, Wujialiang Village,

Baiba Township, Dazhu County,

Sichuan

Province, China

2